HENRY F. TURNER, Judge pro tem.
Defendant in this case, Miss Margie Johnson, purchased a used 1956 Chevrolet automobile from the Canal Auto Sales on February 1, 1962. The cash sale price was $722.00. She was allowed $100.00 on a trade-in, leaving the difference of $622.00. To this amount was added $401.60 for insurance fees and finance charges, making a total of $1,023.60. Miss Johnson executed a note secured by a chattel mortgage on the automobile providing for twenty-four monthly payments of $42.65 each. The Canal Auto Sales transferred the note to the plaintiff herein. At various times during the first twelve months, Miss Johnson became delinquent in her payments. The note _ had an acceleration clause providing that on default in one payment, the balance due on the note would become due and payable, at the option of the holder. The plaintiff secured the endorsement on the note, after i some months, of Joe Johnson and Joe Johnson, Jr., Miss Johnson’s father and brother, respectively. They both endorsed the note to forestall foreclosure proceedings against Miss Johnson. The account again became delinquent, and this suit was brought for the balance due. The plaintiff secured an order of sequestration conditioned upon its furnishing a sequestration bond in the amount of $750.00. This order was signed on March 19, 1962. Plaintiff filed what purported to be a sequestration bond on the same day, but no signatures appeared thereon as principal and surety. We hold, therefore, that there was no bond filed as ordered.
Exceptions were filed to the suit by the three defendants, Miss Johnson filing an exception of no cause or right of action and motion to dissolve the sequestration. The exception of no cause or right of action filed by her father and brother were based on the proposition that there was no consideration for'their having signed the note. The motion to dissolve the sequestration was based on assertion that plaintiff was without right to sequester, as there was no evidence on the part of the defendant to conceal or otherwise dispose of the automobile to the detriment of the plaintiff. The defendant then called Financial Adjustment *394 Company, Inc. as third party defendant alleging that in answer to their newspaper advertisement that they would take care of all bills, financial troubles and so forth of any person in distress, she placed herself in their hands and expected them to take care of the payments on her note.
The case was set for trial, and the Judge properly dismissed the third party complaint, as there was no privity of contract between the third party and plaintiff, but reserved to the defendant her right to assert any claim for damages she had for the third party in a separate action. The Judge overruled the motion to dissolve the sequestration and referred the other exceptions to the merits.
Upon trial of the case, defendant admitted the execution of the note and the chattel mortgage and that she was delinquent in her payments. Her father and brother admitted that they signed the note, although the father, being illiterate, claimed he could not read and write, and the contents of the note were not read to him. They both admitted, however, that they signed the note in order to help Miss Johnson keep her automobile. The Judge of the lower Court gave judgment for the plaintiff against the three defendants, jointly, severally and in solido, for the balance due on the note plus interest from maturity and twenty-five percent attorney’s fees. He also maintained the writ of sequestration on the automobile.
From this judgment the defendants have appealed to this Court. The record in the case shows that the automobile in question was seized without any sequestration bond having been filed as ordered by the Judge who ordered the sequestration. A sequestration bond was filed on May 2, 1963, more than a month after the car had been sequestered and taken away from the defendant. The Judge of the lower Court ruled that LSA-R.S. 13:4572, which provides that when a bond is furnished in connection with judicial proceedings, that error or omissions may be corrected in the Court of original jurisdiction and even a new bond may be furnished or additional surety on the bond in question, if the surety is insufficient, was applicable here. In this case, we have a situation where no bond whatever was furnished as directed by the Judge issuing the sequestration order. It is, therefore, our opinion that the sequestration wrongfully issued and that the Judge of the lower Court should have dissolved the sequestration and heard the evidence on damages and attorney’s fees. We will, therefore, affirm the judgment insofar as it granted plaintiff a money judgment on the note but reverse the judgment insofar as it maintained the sequestration and now order said sequestration dissolved and the automobile restored to the defendant. The case is remanded to the lower Court for said Court to hear evidence and determine the amount of damages and attorney’s fees to which the defendant is entitled.
Affirmed in part; reversed in part and remanded with instructions.